Carter G. Phillips
Virginia A. Seitz
Joseph R. Guerra
Christopher A. Eiswerth

SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000 (telephone)
(202) 736-8711 (facsimile)
cphillips@sidley.com

Douglas N. Letter, *General Counsel*
Todd B. Tatelman
Megan Barbero
Josephine Morse
Adam A. Grogg

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Amicus Curiae the United States House of Representatives*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | No. 4:20-cv-01563-HSG <br> No. 4:20-cv-01494-HSG <br><br> **BRIEF OF THE U.S. HOUSE OF REPRESENTATIVES AS AMICUS CURIAE** |
| SIERRA CLUB, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................................................................... ii

INTEREST OF AMICUS CURIAE AND INTRODUCTION ....................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

I.     Plaintiffs Have Valid Causes of Action ............................................................................... 4

II.    Section 8005 Does Not Authorize the Administration to Spend More on a Border Wall than Congress Appropriated ................................................................................................ 5

CONCLUSION ............................................................................................................................... 6

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*California v. Trump*,
  407 F. Supp. 3d 869 (N.D Cal. 2019) ................................................................................ 5

*California v. Trump*,
  No. 19-cv-872-HSG, 2019 WL 2715421 (N.D. Cal. June 28, 2019) ............................... 2, 4, 5

*California v. Trump*,
  379 F. Supp. 3d 928 (N.D. Cal. 2019) ................................................................................ 6

*Reeside v. Walker*,
  52 U.S. (11 How.) 272 (1850) ............................................................................................ 4

*Sierra Club v. Trump*,
  929 F.3d 670 (9th Cir. 2019) ..................................................................................... 2, 3, 4, 5, 6

*Sierra Club v. Trump*,
  No. 19-cv-892-HSG, 2019 WL 2715422 (N.D. Cal. June 28, 2019) ............................... 2, 4, 5

*U.S. Dep't of the Navy v. FLRA*,
  665 F.3d 1339 (D.C. Cir. 2012) ......................................................................................... 1

**Constitution and Statutes**

U.S. Const., Art. I, § 9 .............................................................................................................. 1, 4

10 U.S.C. § 284 ......................................................................................................................... 3

Pub. L. No. 116-93, 133 Stat. 2317 (2019) ............................................................................. 2, 3, 4

**Other Authorities**

2 *The Records of the Federal Convention of 1787*,
  (M. Farrand ed., 1911) ........................................................................................................ 1

Budget of the United States Government, Fiscal Year 2020 (2019) ........................................ 2

H. Rep. No. 116-84 (2019) ....................................................................................................... 3

**INTEREST OF AMICUS CURIAE AND INTRODUCTION**[1]

The United States House of Representatives has a compelling interest in this case, which arises out of the Trump Administration's violation of the bedrock constitutional principle that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."  U.S. Const., Art. I, § 9, cl. 7.  The Appropriations Clause vests Congress with "exclusive power over the federal purse," and is "one of the most important authorities allocated to Congress in the Constitution[]."  *U.S. Dep't of the Navy v. FLRA*, 665 F.3d 1339, 1346 (D.C. Cir. 2012).  The Appropriations Clause, moreover, empowers either chamber of Congress to prevent the Executive from spending funds.  The House has its own distinct interest in Congressional funding decisions because the federal purse has "*two strings*, one of which [is] in the hands of the H. of Reps.," and "*[b]oth houses* must concur in untying" them.  2 *The Records of the Federal Convention of 1787*, at 275 (M. Farrand ed., 1911) (James Wilson) (emphases added).

The Administration is violating the Appropriations Clause by continuing to spend federal funds for border-wall construction that Congress has refused to appropriate.  Just as it did for fiscal year 2019, for fiscal year 2020 the House exercised its constitutional authority over Executive Branch spending by agreeing to appropriate only $1.375 billion for border-wall construction.  And just as for fiscal year 2019, for fiscal year 2020 the Administration has announced it will spend billions more for border-wall construction—funds that Congress unequivocally refused to appropriate for that purpose.

At issue here is the Administration's diversion of $3.8 billion from Department of Defense funding to border-wall construction under §§ 8005 and 9002 of the Department of

---

[1] All parties consent to the filing of this brief.  No counsel for a party authored this brief in whole or in part, and no person other than amicus curiae and its counsel made a monetary contribution to its preparation or submission.

Defense Appropriations Act, 2020. Last year, this Court concluded that identical provisions of the appropriations act for fiscal year 2019 were no defense to the Administration's unconstitutional border-wall spending.[2] This Court should reach the same conclusion with respect to fiscal year 2020 funding and grant the plaintiffs' motions for partial summary judgment.

## BACKGROUND

Congress's fiscal year 2019 appropriation of $1.375 billion for border-wall construction was the result of a compromise with the Administration that concluded the longest partial government shutdown in the nation's history, caused by a pitched political battle over border-wall funding.[3] For fiscal year 2020, Congress again refused to appropriate the amount of money that the Administration sought for border-wall construction, appropriating only $1.375 billion, *see* Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209, 133 Stat. 2317, 2511 (2019), less than one third of the $5 billion that the Administration requested.[4]

Reprising its strategy from last year, however, *see* Ninth Circuit 8005 Amicus at 6-7, the Administration is drastically exceeding the limit that Congress established. As relevant here, the Administration has diverted funds appropriated for other purposes to border-wall construction by invoking a statutory provision authorizing the Department of Defense (DOD) to assist civilian

---

[2] *See Sierra Club v. Trump*, No. 19-cv-892-HSG, 2019 WL 2715422 (N.D. Cal. June 28, 2019), *appeal pending*, Nos. 19-16102 *et al.* (9th Cir. argued Nov. 12, 2019); *California v. Trump*, No. 19-cv-872-HSG, 2019 WL 2715421 (N.D. Cal. June 28, 2019), *appeal pending*, Nos. 19-16102 *et al.* (9th Cir. argued Nov. 12, 2019); *see also Sierra Club v. Trump*, 929 F.3d 670 (9th Cir.) (finding plaintiffs likely to succeed on the merits), *stay granted*, *Trump v. Sierra Club*, 140 S. Ct. 1 (2019).
[3] *See* Brief for Amicus Curiae U.S. House of Representatives in Support of Plaintiffs-Appellees (Ninth Circuit 8005 Amicus) at 4-6, *Sierra Club v. Trump*, Nos. 19-16102 *et al.* (9th Cir. Aug. 19, 2019), ECF No. 118; *see also* Order Establishing Briefing Schedule and Procedures to Litigate Fiscal Year 2020 Border Barrier Projects (Order) ¶ 3 (Mar. 6, 2020), *California* ECF No. 21 (permitting the parties to incorporate by reference their arguments from prior briefs in related cases).
[4] *See* Budget of the United States Government, Fiscal Year 2020, at 49 (2019), https://perma.cc/FN8C-NPQX.

law enforcement with drug enforcement activities. *See* 10 U.S.C. § 284. On February 13, 2020, DOD announced that, at the request of the Department of Homeland Security (DHS), DOD would transfer $3.8 billion into DOD's account for "[c]onstruct[ing] … roads and fences and installation of lighting to block drug smuggling corridors across international boundaries of the United States." *Id*. § 284(b)(7).[5] Included among these funds was the entire $1.3 billion that Congress had appropriated for the National Guard and Reserve Equipment Account (NGREA), 133 Stat. at 2375-76; *see* AR 21, of which nearly $800 million was allocated for states' National Guard units, *see* H. Rep. No. 116-84, at 368 (2019); AR 21, 63. The House Committee on Appropriations emphasized that the NGREA funding was intended to enable National Guard and Reserve forces to "meet urgent equipment needs" in fiscal year 2020, including "to procure high priority equipment used by these components for both their military missions and missions in support of State governors." H. Rep. No. 116-84, at 368.

Put simply, to spend funds that Congress refused to appropriate for construction of a border wall, the Administration brazenly hijacked funds that Congress had appropriated for equipment that the National Guard needs to carry out military missions and duties assigned by State governors.

To transfer the $3.8 billion to border-wall construction, DOD relied on two transfer provisions in the DOD Appropriations Act, 2020. *See* 133 Stat. at 2335 (Section 8005); *id.* at 2376 (Section 9002).[6] (Identical provisions had been included in the appropriations act for fiscal year 2019, and were also invoked by the Administration to defend its 2019 border-wall spending. *See Sierra Club*, 929 F.3d at 676, 682 & n.7.) Section 8005 and Section 9002 do permit the

---

[5] *See* Administrative Record (AR) 1-7, 17-21 (Mar. 6, 2020), *California* ECF No. 25-1.
[6] The Administration has also stated its intent to divert funds to border-wall construction under 10 U.S.C. § 2808. Plaintiffs' claims challenging that diversion are currently held in abeyance. *See* Order ¶ 5.

3

transfer of funds, but impose substantial restrictions. Transfers can only be made for "higher priority items, based on unforeseen military requirements, than those for which originally appropriated," and transfers are prohibited "where the item for which funds are requested has been denied by the Congress." 133 Stat. at 2335 (Section 8005); *see id.* at 2377 (Section 9002 "is subject to the same terms and conditions as the authority provided in section 8005").[7]

Plaintiffs, who sued to challenge the Administration's fiscal year 2019 border-wall spending under the Appropriations Clause, have now sued to similarly challenge the Administration's fiscal year 2020 diversion of funds and spending. Plaintiffs' partial summary judgment motions explain that, because Section 8005's conditions are not satisfied, that provision cannot be used to justify the Administration's spending. For the reasons stated by this Court last year,[8] those summarized below, and those stated more fully in the House's prior amicus briefs, which the House incorporates by reference, this Court should conclude that plaintiffs have a cause of action and hold that the Administration is once again violating the Appropriations Clause.

## ARGUMENT

### I. Plaintiffs Have Valid Causes of Action

Plaintiffs have asserted valid causes of action for violations of the Appropriations Clause, which dictates that the Executive Branch may spend funds for a particular purpose only if, and to the extent that, each House of Congress agrees to appropriate funds for that purpose. U.S. Const., Art. I, § 9, cl. 7; *see, e.g.*, *Reeside v. Walker*, 52 U.S. (11 How.) 272, 291 (1850) ("It is a well-known constitutional provision, that no money can be taken or drawn from the Treasury except under an appropriation by Congress."). The Administration's expenditure of billions of dollars

---

[7] For simplicity, this brief simply refers to Section 8005. *See* Ninth Circuit 8005 Amicus at 7 n.13 (same).
[8] *Sierra Club*, 2019 WL 2715422, at *2-3; *California*, 2019 WL 2715421, at *2-3; *see also Sierra Club*, 929 F.3d at 689-704.

4

more than Congress provided for border-wall construction flouts Congress's "exercise of its constitutionally-absolute power of the purse." *California v. Trump*, 407 F. Supp. 3d 869, 906 (N.D Cal. 2019), *appeal pending*, Nos. 19-17501 *et seq.* (9th Cir. argued Mar. 10, 2020).

Plaintiffs' claims alleging a violation of the Appropriations Clause are constitutional claims, not statutory claims, regardless of the fact that the Administration tries to evade the Appropriations Clause problem by invoking Section 8005. Accordingly, the relevant "zone of interests," if one applies, is derived from the Appropriations Clause, not from Section 8005, *see* Ninth Circuit 8005 Amicus at 11-15, and plaintiffs are proper parties to pursue their claims, *see id.* at 15-20. Plaintiffs are within the protections of the Appropriations Clause and Congress's exercise, in appropriations acts, of the constitutional authority that that Clause provides to Congress. All plaintiffs have shown that they are directly injured by the Administration's decision to defy Congress's exclusive judgment not to give the Administration the amount it requested and to instead appropriate only $1.375 billion for border-wall construction. The fact that the *California* plaintiffs satisfy any applicable zone of interests test, for example, is exemplified by their showing that the Administration is diverting funds to border-wall construction that Congress appropriated for use by the National Guard units of those states.

## II. Section 8005 Does Not Authorize the Administration to Spend More on a Border Wall than Congress Appropriated

This Court concluded that Section 8005 provided no defense to the Administration's violation of the Appropriations Clause in fiscal year 2019. *Sierra Club*, 2019 WL 2715422, at *3; *California*, 2019 WL 2715421, at *3; *see also Sierra Club*, 929 F.3d at 689 (finding plaintiffs likely to succeed in claiming "that there is no statutory appropriation for the" challenged border-wall expenditures, and concluding that "[r]eprogramming and spending those funds therefore violates the Appropriations Clause"). For essentially the same reasons, the Court should conclude

that Section 8005 provides no defense now for the Administration's new violation.  *See* Ninth Circuit 8005 Amicus at 20-25.[9]

Indeed, the Administration's legal argument in the face of the plain text of Section 8005 is even weaker for fiscal year 2020 than it was for fiscal year 2019.  Even in 2019, the Administration's "argument that the need for the requested border barrier construction funding was 'unforeseen' [could not] logically be squared with the Administration's multiple requests for funding for exactly that purpose dating back to at least early 2018."  *California v. Trump*, 379 F. Supp. 3d 928, 947 (N.D. Cal. 2019).  Since 2019, the Administration has requested even more border-wall funding and construction, making it even less credible for the Administration to claim that DOD did not foresee this requirement.  The words of the Ninth Circuit regarding the Administration's misuse of the fiscal year 2019 funds are even more apt now:  "The long history of the President's efforts to build a border barrier and of Congress's refusing to appropriate the funds he requested makes it implausible that this need was unforeseen."  *Sierra Club*, 929 F.3d at 690.

## CONCLUSION

The Court should grant plaintiffs' motions for partial summary judgment and enjoin the Administration from spending billions more than Congress appropriated for border-wall construction.

Respectfully submitted,

Carter G. Phillips
Virginia A. Seitz
Joseph R. Guerra
Christopher A. Eiswerth

*/s/ Douglas N. Letter*
Douglas N. Letter
  *General Counsel*
Todd B. Tatelman
Megan Barbero

---

[9] *See also* Br. of the U.S. House of Representatives as Amicus Curiae in Support of Pls.' Mot. for Partial Summ. J. at 4-9, *Sierra Club v. Trump*, No. 19-cv-892-HSG (N.D. Cal. June 17, 2019), ECF No. 171-1; Br. of the U.S. House of Representatives as Amicus Curiae in Support of Pls.' Mot. for Partial Summ. J. at 4-9, *California v. Trump*, No. 19-cv-872-HSG (N.D. Cal. June 17, 2019), ECF No. 179-1.

SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000 (telephone)
(202) 736-8711 (facsimile)
cphillips@sidley.com

Josephine Morse
Adam A. Grogg

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Amicus Curiae the United States House of Representatives*

April 16, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2020, I caused the foregoing document to be filed via the U.S. District Court for the Northern District of California's CM/ECF system, which I understand caused service on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter